IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| ANTHONY QUENTIN KELLY | * | |
| Plaintiff, | | |
| v. | * | CIVIL ACTION NO.  RDB-16-3811 |
| | | |
| STATE OF MARYLAND | * | |
| JORDAN TICHNELL, *Case Management* | | |
| *Specialist* | * | |
| Defendants. | | |
| | ***** | |

## MEMORANDUM OPINION

On November 18, 2016, the Court received for filing the above-captioned "Emergency Complaint" filed by Anthony Kelly, an inmate housed at the North Branch Correctional Institution ("NBCI").   Kelly filed the Complaint pursuant to 42 U.S.C. § 1983 and Title II of the Americans with Disabilities Act ("ADA"), seeking damages, as well as declaratory and injunctive relief.  He asks that NBCI Case Management Specialist Jordan Tichnell be compelled to provide him 120 copies of a dispositive motion filed in this Court in his prior civil rights litigation.  Kelly claims that on October 30, 2016, he left a copy work request in Tichnell's mailbox.  He contends that he requires the copies so that he can file a certiorari petition to the United States Supreme Court from the judgment of the Court of Appeals.  ECF No. 1.  Kelly's Motion for Leave to Proceed In Forma Pauperis shall be granted.  His Complaint, however, shall be summarily dismissed.

To the extent that Kelly's complaint for injunctive relief may be construed as a civil rights action, filed pursuant to 42 U.S.C. § 1983, his complaint shall be dismissed.  Prisoners are entitled to "a reasonably adequate opportunity to present claimed violations of fundamental constitutional rights to the courts." *Bounds v. Smith*, 430 U.S. 817, 825 (1977); *see also Hudspeth v. Figgins*, 584 F.2d 1345, 1347 (4th Cir. 1978).  In 1996, the Supreme Court clarified the *Bounds* decision by finding that

a deprivation of an inmate's right of access to the courts is actionable, but only when the inmate is able to demonstrate actual injury from such deprivation.  *See Lewis v. Casey*, 518 U.S. 343, 349 (1996).  According to the *Lewis* opinion, the Constitution does not guarantee inmates the ability to litigate every imaginable claim they can perceive, only that they be given the tools necessary "in order to attack their sentences, directly or collaterally, and in order to challenge the conditions of their confinement."  *Id*. at 355.   Simply put, in order to state a claim for denial of access to the courts, a prisoner must provide some basis for his allegation that he has been deprived of meaningful access to the courts. *White v. White,* 886 F.2d 721, 723 (4th Cir. 1989).

In addition, a plaintiff must show actual injury resulting from the alleged denial of access. *Lewis,* 518 U.S. at 349.  The plaintiff must identify with specificity the actual injury resulting from the defendants' conduct. *Cochran v. Morris,* 73 F.3d 1310, 1316–17 (4th Cir. 1996). The " 'actual injury' that an inmate must demonstrate is that the alleged shortcomings in the prison library or legal assistant program have hindered, or are presently hindering, his efforts to pursue a non-frivolous legal claim."  *Lewis,* 518 U.S. at 343; *see also Michau v. Charleston Cnty., S.C.,* 434 F.3d 725, 728 (4th Cir. 2006) (in access to court claim, inmate must allege and show that he or she has suffered an actual injury or specific harm to his litigation efforts as a result of the defendant's actions).

Kelly has failed to set out a colorable access-to-courts claim.  He does not indicate why and/or how his inability to obtain 120 copies of Defendants' Motion to Dismiss or for Summary Judgment filed in *Kelly v. Simpson, et al.*, Civil Action No. RDB-15-3647 (D. Md.), prevents him from filing a Petition for Writ of Certiorari in the U.S. Supreme Court.[1]   He provides no particulars

---

[1]         The docket shows that on November 21, 2016, this Court's judgment was affirmed by the United States Court of Appeals for the Fourth Circuit.  *See Kelly v. Simpson, et al.*, Civil Action

why he needs such a large volume of copy work of a filing that has already been made part of the electronic record.  The right of access to the courts does not include a right to unlimited free supplies. *See Twyman v. Crisp*, 584 F.2d 352, 359 (10th Cir. 1978); *Harrell v. Keohane*, 621 F.2d 1059, 1060 (10th Cir. 1980) (per curiam). The Complaint shall be dismissed.[2]

Finally, insofar as Kelly seeks injunctive relief to compel action on the part of state employees, his cause action may be alternately construed as a Petition for Mandamus relief.  This remedy is only used in extraordinary circumstances.  *See Kerr v. United States Dist. Court,* 426 U.S. 394, 402 (1976); *In re Beard,* 811 F.2d 818, 826 (4th Cir. 1987).  Title 28 U.S.C. § 1361 confers original jurisdiction on the United States District Courts "of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to

---

No. RDB-15-3647 (D. Md.) at ECF No. 24.

[2]     Kelly is advised, however, that a § 1983 lawsuit may not be filed against the State of Maryland.  Neither a state nor an agency of a state is a "person" within the meaning of 42 U.S.C. § 1983.  *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 64-65 & 70-71 (1989).  Moreover, the State of Maryland is immune from liability under the Eleventh Amendment from a § 1983 suit in federal court without regard to the nature of the relief sought.  *See Pennhurst State School & Hospital v. Halderman*, 465 U.S. 89, 101-01 (1984); *C.H. v. Oliva*, 226 F.3d 198, 201 (3rd Cir. 2000).

Further, Kelly has failed to show that he has a qualifying disability under the ADA. To state a claim for violation of the ADA, the plaintiff must show that (s)he (1) has a disability, (2) is otherwise qualified to participate in a program, and (3) was denied the benefits of the program or discriminated against because of the disability.  *See Millington v. Temple Univ. Sch. Of Dentistry*, 261 Fed. App. 363, 365 (3rd Cir. 2008).  A physical condition may qualify as a "disability" within the meaning of the ADA and RHA because it "substantially limits one or more ... major life activities." 42 U.S.C. § 12102; 29 U.S.C. § 705(20)(B).  Under the law in this circuit, to establish that he is disabled under the ADA, Plaintiff must prove that: he has a physical or mental impairment; that this impairment implicates at least one major life activity; and the limitation is substantial.  *See Heiko v. Columbo Savings Bank, F.S.B.*, 434 F.3d 249, 254 (4th Cir. 2006).  Consequently, should Kelly wish to file a claim for equitable relief against the State of Maryland and others under the ADA, he may file an Amended Complaint in *Kelly v. Lease, et al.*, Civil Action No. RDB-16-3294, addressing the aforementioned ADA standard.

3

the plaintiff."  Thus, a federal court may only issue a writ of mandamus against an employee or official of the United States and, even then, may only command that employee or official "to perform a mandatory or ministerial duty, rather than one that is purely discretionary." *Ocean Breeze Festival Park v. Reich,* 853 F.Supp. 906, 915 (E.D. Va. 1994), *affirmed by Virginia Beach Policeman's Benevolent Association v. Reich,* 96 F.3d 1440 (4th Cir. 1996).  A federal court does not have jurisdiction over state entities or employees in an action for writ of mandamus.  *See Gurley v. Superior Court of Mecklenburg County*, 411 F.2d 586, 587 (4th Cir. 1969); *see also AT & T Wireless PCS v. Winston-Salem Zoning Bd. of Adjustment,* 172 F.3d 307, 312 n. 3 (4th Cir. 1999). Consequently, this Court has no authority to provide the relief sought by Kelly.  A separate Order follows dismissing the cause of action.

Date: December  1, 2016      /s/
           RICHARD D. BENNETT
          UNITED STATES DISTRICT JUDGE